UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:07CV-25-H

**RODNEY STEWART**                                                                **PLAINTIFF**

**v.**

**CLASSICKLE, INC.**                                                         **DEFENDANT**

**MEMORANDUM OPINION**

The plaintiff, Rodney Stewart, filed this *pro se* action against his former employer, Classickle, Inc., alleging numerous federal and state law claims. Since Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth herein, the majority of the plaintiff's claims will be dismissed for failure to state a claim. The Court will also order the plaintiff to show cause why his Americans with Disabilities Act claims should not be dismissed for failure to exhaust available administrative remedies.

**I. FACTS**

On or about September 6, 2005, the plaintiff sought employment with the defendant after being on "Social Security Disability Insurance" for twelve years. According to the plaintiff, he informed the defendant regarding the nature and extent of his disabilities.[1] The plaintiff was hired, but placed on a two-week probationary period, which the plaintiff claims is not customary. The plaintiff continued working for the defendant until June of 2006, when the plaintiff claims he was terminated because of his disability. Specifically, the plaintiff alleges that a week before his termination, his supervisors stated that the company needed another "computer-aided-

---

[1] The plaintiff does not describe his alleged disability in his complaint.

draftsman," hired a non-disabled person for the job, and then terminated the plaintiff's employment under false pretenses.

The plaintiff is suing the defendant under twenty-eight separate causes of action: 1) the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101; 2) Section 503 Rehabilitation Act of 1973; 3) the Service Contract Act; 4) Davis Bacon Act; 5) the Fair Wages Act; 6) constructive discharge based on plaintiff's known disability; 7) defamation of character; 8) disparate treatment; 9) intentionally failing to provide a reasonable accommodation under the ADA; 10) intentional infliction of emotional distress; 11) injurious falsehood; 12) intentionally disparaging another's property interest to the person's economic detriment; 13) violation of Executive Order 11246; 14) violation of the Civil Rights Act of 1991; 15) pay discrimination; 16) intentional discrimination; 17) breach of implied contract to be terminated only for good cause; 18) breach of the covenant of good faith and fair dealing; 19) deliberate indifference for the Congressional intent of the ADA; 20) ongoing and continuing present adverse effect from past exposure to the defendant's illegal conduct; 21) refusing to approve training opportunities based on disability; 22) due process violation under the Fourteenth Amendment; 23) the Equal Pay Act; 24) the Fair Labor Standards Act; 25) retaliation; 26) unlawfully withholding the plaintiff's property; 27) creating a hostile work environment; and 28) conspiracy to deny civil rights. Each will be discussed below.

## II. STANDARD OF REVIEW

Because the plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e)(2); *McGore*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario.  *Neitzke v. Williams*, 490 U.S. 319, 329-30 (1989).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).  In reviewing a complaint under this standard, the Court must accept all factual allegations contained in the complaint as true and must also construe the pleading in the light most favorable to the plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

   The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519 (1972).  The duty to be less stringent with *pro se* complaints, however, "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979)(citation omitted), and the Court is not required to create a claim for the *pro se* Plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the "courts to explore exhaustively all potential claims of a pro se plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

**A.     The Americans with Disabilities Act[2]**

Under the ADA, a claimant who wishes to bring a lawsuit claiming a violation of the ADA must file a charge of discrimination with the EEOC within 300 days of the alleged discrimination. *See* 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5(e)(1); *Jones v. Sumser Ret. Vill.*, 209 F.3d 851, 853 (6th Cir. 2000). An employee may not file a suit under the ADA if he or she does not possess a right-to-sue letter from the EEOC because he or she has not exhausted his or her remedies. *See* 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117(a) (procedures from § 2000e-5 apply to ADA claims); *see also EEOC v. Frank's Nursery & Crafts, Inc.*, 177 F.3d 448, 456 (6th Cir. 1999). In this case, the plaintiff has not alleged that he has exhausted his administrative remedies by first seeking relief from the EEOC. As such, the Court will order the plaintiff to show cause why his ADA claims should not be dismissed without prejudice for failure to exhaust his administrative remedies prior to filing suit.

**B.     Section 503 Rehabilitation Act of 1973**

"The Vocational Rehabilitation Act of 1973, 29 U.S.C. § 793, . . . provides for an administrative remedy through the Department of Labor and does not authorize a private cause of action in the courts." *Hoopes v. Equifax, Inc.*, 611 F.2d 134, 135 (6th Cir. 1979). Accordingly, the plaintiff has failed to state a cognizable claim under section 503 of the

---

[2]Plaintiff listed several "causes of action" that are actually elements of an ADA claim: constructive discharge based on plaintiff's known disability, disparate treatment, intentionally failing to provide a reasonable accommodation under the ADA, intentional discrimination, deliberate indifference for the Congressional intent of the ADA, refusing to approve training opportunities based on disability, and creating a hostile work environment. The Court's analysis of the ADA encompasses these "causes of action" as well.

Rehabilitation Act of 1973.

C. **The Service Contract Act**

Plaintiffs also seek relief under the Service Contract Act of 1965 ("SCA"). The SCA, however, does not provide a cause of action to employees working under an SCA-governed contract; such employees are limited to administrative remedies. *See District Lodge No. 166 v. TWA Services, Inc.*, 731 F.2d 711, 715-16 (11th Cir. 1984); *Barron v. Reich*, 13 F.3d 1370, 1373 (9th Cir. 1994); *Danielsen v. Burnside-Ott Aviation Training Ctr., Inc.*, 291 U.S. App. D.C. 303 (D.C. Cir. 1991). This claim will be dismissed.

D. **Davis Bacon Act**

The Davis Bacon Act provides that certain federal construction contracts must contain "a provision stating the minimum wages to be paid various classes of laborers and mechanics." 40 U.S.C. § 3142(a). Although the Sixth Circuit has not addressed the issue, the majority of courts that have considered it have concluded that there is not a private right of action under the Davis Bacon Act. *See White v. MPW Indus. Servs.*, No. 1:05-cv-162, 2006 U.S. Dist. LEXIS 12409, at *3-4 (E.D. Tenn. 2006) (collecting cases). This Court agrees that there is no private right of action under the Davis Bacon Act. Furthermore, the plaintiff has not provided any explanation of how the defendant has violated the Davis Bacon Act. This claim will be dismissed.

E. **Fair Wages Act**

There is no federal or state statute that the Court is aware of that is denoted simply as the "Fair Wages Act." Furthermore, there is no discussion of how the defendant allegedly violated any such act in the plaintiff's complaint. This claim will be dismissed.

F.     **Defamation of Character**[3]

"The four elements which must be proven to establish a defamation action in Kentucky include defamatory language, about the plaintiff, which is published and which causes injury to reputation." *Gilliam v. Pikeville United Methodist Hosp. of Ky., Inc.*, 215 S.W.3d 56, 60-61 (Ky. Ct. App. 2006). When the alleged defamation occurs in the context of a labor dispute, the plaintiff must also prove "a fifth element of 'actual malice' as defined in *New York Times Co. v. Sullivan* and its progeny." *Id.* Here, the plaintiff has not identified any specific defamatory statements made by the defendant. While he claims that the reason he was fired were pre-textual, he has not alleged that they were false. Furthermore, he has not alleged that any such statements have injured his reputation. As such, this claim will be dismissed.

G.     **Intentional Infliction of Emotional Distress**

A *prima facie* case of intentional infliction of emotional distress requires that: "1) the wrongdoer's conduct must be intentional or reckless; 2) the conduct must be outrageous and intolerable in that it offends against the generally accepted standards of decency and morality; 3) there must be a causal connection between the wrongdoer's conduct and the emotional distress; and 4) the emotional distress must be severe." *Stringer v. Wal-Mart Stores, Inc.*, 151 S.W.3d 781, 788 (Ky. 2004). Mere wrongful termination by an employer is insufficient to constitute "outrageous conduct." *See Bednarek v. United Food & Commercial Workers Int'l Union, Local Union 227*, 780 S.W.2d 630, 632 (Ky. Ct. App. 1989). In this case, the plaintiff has not alleged either outrageous conduct by the defendant or that he has suffered "severe" emotional distress. As such, this claim will be dismissed.

---

[3]This includes the plaintiff's "injurious falsehood claim."

**H. Intentionally disparaging another's property interest to the person's economic detriment**

The plaintiff provides no explanation regarding this claim. Therefore, it will be dismissed.

**I. Violation of Executive Order 11246**

The plaintiff alleges discrimination on the basis of disability. However, "Executive Order 11246 prohibits discrimination on the basis of race, color, religion, sex, or national origin by federal contractors." *Volvo GM Heavy Truck Corp. v. United States DOL*, 118 F.3d 205, 206 (4th Cir. 1997). Thus, the order does not apply to the plaintiff's claim. Additionally, Executive Order 11246 does not create a private right of action. *See, e.g., Utley v. Varian Assocs., Inc.*, 811 F.2d 1279, 1284-86 (9th Cir. 1987) (holding Executive Order 11246 does not create a private right of action). This claim will be dismissed.

**J. Violation of the Civil Rights Act of 1991**

The Civil Rights Act of 1991 makes it an unlawful practice "for an employer-- [] to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2. Thus, by its own terms the Act does not apply to discrimination based on disability. The plaintiff's claim for protection from discrimination based on his disabled status arises out of the ADA, not the Civil Rights Act of 1991.

**K. Pay Discrimination**

The plaintiff has failed to allege any facts to support this claim, and it will be dismissed.

**L.     Breach of Implied Contract to be Terminated Only for Good Cause**

The plaintiff has failed to allege any facts to support this claim, and it will be dismissed.

**M.     Breach of the Covenant of Good Faith and Fair Dealing**

The plaintiff has failed to allege any facts to support this claim, and it will be dismissed.

**N.     Ongoing and Continuing Present Adverse Effect from Past Exposure to the Defendant's Illegal Conduct**

This would be an element of the plaintiff's damages, not an independent cause of action. Therefore, this "claim" will be dismissed.

**O.     Due Process Violation Under 14th Amendment**

By its terms, 42 U.S.C. § 1983 requires a plaintiff to show: (1) that the challenged conduct was attributable to a person acting under color of state law that (2) deprives the plaintiff of "any rights, privileges, or immunities secured by the Constitution" or the laws of the United States.  42 U.S.C. § 1983; *see also Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). Section 1983 is only applicable to private parties where the actions taken "can fairly be seen as state action." *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982).  The plaintiff alleges that the defendant is a government contractor.  However, "the Sixth Circuit has noted that mere employment with a government contractor does not render personnel decisions state action." *Bell v. Mgmt. & Training Corp.*, 122 Fed. Appx. 219, 223 (6th Cir. 2005) (citing *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992)).  Plaintiff cannot maintain a § 1983 action against the defendant arising out of the defendant's employment-related decision to terminate the plaintiff solely because the defendant is a government contractor.  Accordingly, this claim will be dismissed.

**P.     The Equal Pay Act**

"The Equal Pay Act prohibits an employer from 'paying wages to employees . . . at a rate less than the rate at which he pays wages to employees of the opposite sex . . . for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions[.]'" *Grant v. Gen. Motors Corp.*, 908 F.2d 1303, 1311 (6th Cir. 1990) (quoting 29 U.S.C. § 206(d)(1)). The plaintiff has not alleged that he has been paid differently than members of the opposite sex for equal work. Accordingly, this claim will be dismissed.

**Q.     Violation of the Fair Labor Standards Act**

The plaintiff has failed to allege any facts to support this claim, and it will be dismissed.

**R.      Retaliation**

The plaintiff has failed to allege any facts to support this claim, and it will be dismissed.

**S.     Unlawfully Withholding the Plaintiff's Property**

Although not entirely clear, it appears as though the plaintiff is alleging that the defendant improperly withheld wages that accrued prior to his termination. This cause of action is based on state law. While it appears that the plaintiff has alleged enough facts pertaining to this claim to proceed past initial screening, the Court will reserve a determination regarding whether to exercise supplemental jurisdiction over the claim until the plaintiff has responded to the Court's show cause order. *See Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1998) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state

court if the action was removed.").

**T.    Conspiracy to Deny Civil Rights**

Section 42 U.S.C. § 1985(3) provides:

Depriving persons of rights or privileges. If two or more persons in any State or Territory conspire, or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice-President, or as a member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

To prove a conspiracy under § 1985(3), a plaintiff is required to show: "(1) that some racial, or perhaps otherwise class-based, invidiously discriminatory animus [lay] behind the conspirators' action, and (2) that the conspiracy aimed at interfering with rights that are protected against private, as well as official, encroachment." *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268 (1993). The Sixth Circuit has adopted the general rule that in cases brought under §1985(3), a corporation cannot conspire with its own agents or employees. *Hull v. Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Educ.*, 926 F.2d 505, 509 (6th Cir. 1991) (citing *Doherty v. Am. Motors Corp.*, 728 F.2d 334, 339 (6th Cir. 1984)). In this case, the plaintiff has sued only one defendant, Classickle, Inc. Because a corporation cannot conspire with itself or its own employees, this claim is barred.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:     Plaintiff, *pro se*

4412.008