UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:07CV-25-H

**RODNEY STEWART**                                                                              **PLAINTIFF**

v.

**CLASSICKLE, INC.**                                                                **DEFENDANT**

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's motion to reconsider the Court's August 2, 2007, Order dismissing several of his claims (DN 7), Plaintiff's motion for leave to amend his complaint (DN 8), and Plaintiff's response to the Court's August 2, 2007, Order directing him to show cause why his Americans with Disabilities Act claims should not be dismissed for failure to exhaust administrative remedies (DN 9). The Court will address each below.

**1.** **Plaintiff's motion to reconsider (DN 7).** Plaintiff characterizes his motion to reconsider as one filed under Fed. R. Civ. P. 59(e). However, a Rule 59(e) motion "shall be filed no later than 10 days after *entry of the judgment*." *Id.* No final "judgment" has been entered in this case, and therefore, Rule 59(e) does not apply. *See Loomis v. Chrysler Corp.*, 4 Fed. Appx. 214, 215 (6th Cir. 2001) (upholding district court's denial of a motion to alter or amend judgment because no final judgment had been entered).

Nevertheless, "[d]istrict courts possess the authority and discretion to reconsider and modify their interlocutory orders at any time before final judgment." *Leelanau Wine Cellars Ltd. v. Black & Red, Inc.*, 118 Fed. Appx. 942 (6th Cir. 2004). Plaintiff's main basis for seeking reconsideration appears to be that the Court erroneously dismissed a number of his claims. The Court has reviewed its August 2, 2007, Memorandum Opinion and accompanying Order in light of Plaintiff's motion to reconsider. The Court's conclusions of law remain unchanged.

Accordingly, Plaintiff's motion to reconsider (DN 7) is **DENIED.**

      2.     **Plaintiff's motion to amend (DN 8).** Plaintiff, citing his motion to reconsider, seeks leave to amend his complaint pursuant to Fed. R. Civ. P. 15(a), and "pray the Court to issue its orders, judgments and decrees for Plaintiffs and against Defendants on the matters and things aforesaid." Plaintiff did not attach a copy of his proposed amendment to his motion, and the Court is unsure what claims he is seeking to amend. Accordingly, his motion to amend (DN 8) is **DENIED.** Plaintiff may renew his motion, but must state as concisely as possible why he seeks to amend his complaint and must include a copy of the amended complaint with his motion. Plaintiff is instructed that any proposed amended complaint must conform to the pleading requirements set forth in Fed. R. Civ. P. 8(a), which provides in relevant part:

> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a). Extensive citation and discussion of legal authority is unnecessary and improper in a complaint/amended complaint. Additionally, the **Clerk of Court is DIRECTED to mail Plaintiff the court-approved motion form and instructions for use by *pro se* litigants.** Plaintiff is **ORDERED** to use this form when seeking any further relief from the Court.

      3.  **Response to Show Cause Order (DN 9).** Plaintiff is seeking to file suit against Defendant under the Americans with Disabilities Act ("ADA"). As noted in the Court's August 2, 2007, Memorandum Opinion, a claimant who wishes to bring a lawsuit claiming a violation of the ADA must file a charge of discrimination with the EEOC within 300 days of the alleged

discrimination.  *See* 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5(e)(1); *Jones v. Sumser Ret. Vill.*, 209 F.3d 851, 853 (6th Cir. 2000).  Because Plaintiff did not allege that he exhausted his administrative remedies by first seeking relief from the EEOC, the Court ordered Plaintiff to show cause why his ADA claims should not be dismissed without prejudice for failure to exhaust his administrative remedies prior to filing suit.  In his most recent filings, Plaintiff indicates that in January 2007 he filed a complaint with the Office of Federal Contract Compliance Programs ("OFCCP").  "The OFCCP is part of the U.S. Department of Labor's Employment Standards Administration [and] is responsible for ensuring that employers doing business with the Federal government comply with the laws and regulations requiring nondiscrimination and affirmative action in employment."  *See* http://www.dol.gov/esa/ofccp/.

      Accordingly, the Court concludes that Plaintiff's ADA claim should proceed for further development, and therefore, that the exercise of supplemental jurisdiction over Plaintiff's sole surviving state law claim, unlawfully withholding Plaintiff's property (accrued wages), is also proper.  By separate Order the Court will direct service on Defendant.  The Court emphasizes that it has not conclusively determined that Plaintiff properly exhausted his ADA claim by allegedly making a complaint with the OFCCP, and Defendant is always free to raise the exhaustion issue as part of any dispositive motion.  At this juncture, the Court simply concludes

that the claim should proceed beyond initial screening for further development.

Date:

cc: Plaintiff, *pro se*
    Defendant
4412.008